UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHANNON ORTEGO<br>    LA. DOC #239007<br>VS. | CIVIL ACTION NO. 6:12-cv-2718<br><br>SECTION P<br><br>JUDGE DOHERTY |
| LCS CORRECTIONS, INC., ET AL. | MAGISTRATE JUDGE HILL |

REPORT AND RECOMMENDATION

*Pro se* plaintiff Shannon Ortego filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983 on October 18, 2012.  Plaintiff is an inmate in the custody of the Louisiana Department of Corrections incarcerated at the Bossier Medium Correctional Center in Plain Dealing, Louisiana.  Plaintiff complains, however, that he was injured and denied prompt and appropriate medical care while he was incarcerated at the Pine Prairie Correctional Center ("the PPCC").   Plaintiff names the PPCC and its corporate owner, LCS Corrections Services, Inc. ("LCS").  Plaintiff seeks compensatory damages.

Plaintiff alleges that on July 26, 2012, while plaintiff was incarcerated at the PPCC, his finger was severed in a tray hatch in his dorm.   Plaintiff was initially examined by the medical staff at the institution, who advised that plaintiff would need to be transported to the hospital. After waiting one hour to be transported to the hospital, plaintiff asked the nurse why there was a delay in his transport.  The nurse responded that there was no one available to transport plaintiff  because the transport staff were all on trips.  The nurse asked plaintiff to be patient. Thereafter, plaintiff was driven to the hospital in nearby Mamou, Louisiana by a facility maintenance man.

Upon arrival, the emergency room nurse told the driver that PPCC personnel had been advised by telephone to transport the plaintiff to the hospital in Alexandria, Louisiana because the Mamou hospital could not re-attach the finger. Hospital personnel advised that because plaintiff had been transported to their facility, they were responsible for transporting plaintiff to Alexandria. Accordingly, within 45 minutes of his arrival at the Mamou hospital, plaintiff was transported to Alexandria by Mamou personnel. The trip to Alexandria took another forty-five minutes. Upon his arrival at the Alexandria hospital, plaintiff was examined by a physician who advised that the severed finger could not be re-attached because the nerves were dead. Plaintiff blames the defendants for being unprofessional and uncaring.

Because plaintiff's pleadings were deficient, on February 27, 2013, plaintiff was ordered to amend his Complaint within 45 days to cure the deficiencies noted by this Court, name a proper party (or parties) defendant, or alternatively, dismiss those claims or requests for relief that he was unable to cure through amendment. Plaintiff was expressly advised that her failure to Comply with the Court's Order would result in dismissal of his action. [rec. doc. 8]. Thus, plaintiff's Amended Complaint was due on or before April 22, 2013. To date, plaintiff has never amended her Complaint as Ordered.

## Law and Analysis

Rule 41(b) of the Federal Rules of Civil Procedure permits dismissal of an action on motion of the defendant "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order . . . ." The district court also has the inherent authority to dismiss an

action *sua sponte* for failure of a plaintiff to prosecute or to comply with any order of the court. *Link v. Wabash R.R.Co*., 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988). This power is "vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link,* 370 U.S. at 630-31. Plaintiff has failed to comply with an Order directing him to amend his Complaint. This failure on h part warrant dismissal.

Dismissal with prejudice for failure to prosecute or to comply with a court rule or order is warranted only where "a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *See Price v. McGlathery,* 792 F.2d 472, 474 (5th Cir. 1986). In addition, the Fifth Circuit generally requires the presence of at least one of three aggravating factors: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id*.

The requirements for a dismissal with prejudice are satisfied in this case. Plaintiff has ignored this Court's Order directing him to amend his Complaint. Moreover, plaintiff has not communicated with this Court since January 2013. [rec. doc. 7]. Thus, it appears that plaintiff is no longer interested in pursuing his claims in this Court. Furthermore, since plaintiff is proceeding *in forma pauperis*, it is unlikely that he enjoys sufficient means to fund a lesser, monetary sanction. Thus, dismissal of this case may be the least sanction available. Under these circumstances dismissal with prejudice is warranted.

For the above reasons,

**IT IS RECOMMENDED** that plaintiff's civil rights action be **DISMISSED WITH PREJUDICE** in accordance with Rule 41(b) of the Federal Rules of Civil Procedure.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.[1]  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.**  *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers at Lafayette, Louisiana on May 29, 2013.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

---

[1] IN THE EVENT THAT PLAINTIFF OBJECTS TO THIS RECOMMENDATION, HE SHOULD INCLUDE, ALONG WITH HIS OBJECTION, A FULL AND COMPLETE RESPONSE TO THE MEMORANDUM ORDER OF FEBRUARY 27, 2013. [DOC. 8].

Copy sent:  RFD
On:  5/29/2013
By:  MBD